IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | |
| | : | **CASE NO:** |
| **ROSA LEE SIMMONS,** | : | **7:23-cr-65-WLS-TQL-17** |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER

On Tuesday, July 30, 2024, a change-of-plea hearing was held in the above-styled action. At the hearing, Defendant Rosa Lee Simmons pled guilty to Count One of the indictment charging her with Conspiracy to Distribute and to Possess With Intent to Distribute Schedule II Controlled Substances in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C). A sentencing hearing is currently scheduled for October 24, 2024.

Immediately after the change-of-plea hearing, the Court held a hearing on Defendant's Motion to Permit Defendant to Remain on Bond Pending Sentencing (Doc. 392) ("Bond Motion"). Upon consideration of the record, Defendant's Bond Motion and counsels' arguments on behalf of the Defendant and the Government, the Court denied Defendant's Bond Motion for reasons stated on the record at the July 30, 2024 hearing. To memorialize the Court's ruling from the bench regarding Defendant's detention, the Court hereby issues the following Order.

In support of her motion, Defendant states that she has not violated the existing terms of pretrial release and she has maintained full time employment. She provides financial support and care for her ill father. Defendant does not state the extent of her father's illness. Her mother and sister died in 2021. Finally, Defendant provided letters from her employer and colleagues speaking well of her. Defendant asserts that she is not a danger to the community and is not a flight risk. She requests that the Court find that she meets the exceptional circumstances to be released on bond pending sentencing.

The Government did not file a response to the Bond Motion, which had been filed the evening prior to the change-of-plea hearing. At the hearing, Government's counsel merely

1

noted that detention is mandatory for a defendant in Defendant's position. She stated that the Government had no evidence to rebut Defendant's assertion that she was not a flight risk, and deferred to the Court on whether to allow Defendant to remain on bond pending sentencing.

As relevant here, 18 U.S.C. § 3143(a)(2) provides that the Court "shall" order that a person who has been found guilty of an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), and who is awaiting imposition or execution of sentence be detained, unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2); *see also* § 3142(f)(1)(C). Here, Defendant cannot meet the requirements of § 3143(a)(2) because she cannot meet either prong of subsection (A) above. She has pled guilty so (A)(i) is not relevant, and (A)(ii) is not met because the Government has not given the Court any indication that it intends to recommend that no sentence of imprisonment be imposed on the Defendant.[1]

Where Defendant is unable to meet the requirements of § 3143(a)(2), then § 3145(c) provides one last exception to mandatory detention. *United States v. Lopez*, 184 F. Supp. 3d 1139, 1143 (D.N.M. 2016) (if defendant cannot meet requirements of § 3143, "the only way to remain out of custody pending sentencing is by showing that there are 'exceptional reasons why detention would not be appropriate,' and by showing by clear-and-convincing evidence that he or she is not a flight risk or a danger to the community." (quoting 18 U.S.C. § 3145(c)). Section 3145(c) provides, in relevant part:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1)[2] or (b)(1), may be ordered released, under appropriate conditions, by the judicial

---

[1] The Court does not need to consider whether Defendant can meet the requirements of § 3143(a)(2)(B) because, as the statute reflects, she must meet either (A)(i) *or* (ii) *and* (B).

[2] Section § 3143(a)(1) requires clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.

2

> officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c). Defendant bears the burden of proof to show by clear and convincing evidence the exceptional reasons for her release pending sentencing. *United States v. Webb*, No. 7:19-CR-45 (WLS), 2020 WL 2563285, at *2 (M.D. Ga. May 6, 2020) (finding that defendant has met his burden under 18 U.S.C. § 3145(c) of showing exceptional reasons).

Neither § 3145(c) nor § 3143 define "exceptional reasons." Courts considering what might constitute 'exceptional reasons' under § 3145(c), more often than not, find that financial hardship, illness and disruption of familial relations are not exceptional reasons to justify release. *United States v. Harrison*, No. 6:05-CR-17 (HL), 2006 WL 8444002, at *4 (M.D. Ga. Sept. 1, 2006). "[C]ourts have generally held that purely personal situations typical of any criminal defendant facing imprisonment are not exceptional reasons." *United States v. Watkins*, 2012 WL 1599836, at *2 (M.D. Fla. May 7, 2012).

"Exceptional reasons" are not the day-to-day problems experienced by a defendant or her family where a defendant is found guilty of (or has pled guilty to) committing an offense prescribed in the Controlled Substances Act and is subject to having a lengthy prison sentence imposed. While the Court does not take lightly the hardship on Defendant's family, unfortunately, such hardships resulting from a defendant's imprisonment are the natural consequences of a defendant's criminal actions. *Christman*, 712 F. Supp. 2d at 656. To find otherwise, would result in the exception becoming the rule. That was not Congress' intention in allowing the exception provided in § 1345(c).

While the Court recognizes that Defendant has been compliant with the conditions of her pretrial release and applauds her for assisting her father and maintaining employment during her pretrial release, the hardships Defendant describes are not exceptional. Rather, they are everyday facts of life. As parents age, they experience health issues and family members assist in their care. The Court finds that the Defendant has not established "exceptional reasons" to remain free on bond. As such, the Court need not consider whether Defendant has established by clear and convincing evidence that she is not a flight risk or a danger to another person or the community.

I.  **CONCLUSION**

Accordingly, Defendant's Motion to Permit Defendant to Remain on Bond Pending Sentencing (Doc. 392) is **DENIED**. At the conclusion of the hearing, Defendant was immediately remanded to the custody of the United States Marshal for the Middle District of Georgia.

**SO ORDERED**, this 1st day of August 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**